UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC                     Date:  March 1, 2016
Title:    Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

   Deputy Clerk:                         Court Reporter:
   Rita Sanchez                          Not Reported

   Attorneys Present for Plaintiff:      Attorneys Present for Defendants:
   None Present                          None Present

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS [11] [19]

Two Motions are before the Court:  Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff's Complaint (the "BANA Motion"), filed on January 7, 2016, and Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for Judgment on the Pleadings (the "SPS Motion"), filed on February 1, 2016.  (Docket Nos. 11, 19).  Plaintiffs submitted an Opposition to the BANA Motion on February 1, 2016 ("BANA Opposition") and an Opposition to the SPS Motion on February 9, 2016 ("SPS Opposition).  (Docket Nos. 20, 24).  The Court reviewed and considered all papers submitted on the Motions, and held a hearing on **February 29, 2016**.

The BANA Motion is **GRANTED** *with leave to amend*.  Plaintiffs neither assert any claims against Defendant BANA nor allege that Defendant BANA engaged in misconduct.  Plaintiffs' conclusory allegations that Defendant SPS acted as Defendant BANA's agent are contradicted by the Complaint's exhibits, which identify Wells Fargo Bank, N.A. as the "Noteholder."

The SPS Motion is **GRANTED** *with leave to amend*.  Plaintiffs fail to state any claims for relief against Defendant SPS because Defendant SPS had no obligation to refrain from demanding delinquent payments after offering Plaintiffs an opportunity to modify their loan.  No foreclosure sale has taken place and no notice of default is alleged to have been recorded.  Plaintiffs' claims, therefore, seem to be premature.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC					Date:  March 1, 2016
Title:	Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

## I. BACKGROUND

Plaintiffs make the following allegations, which the Court must accept as true for the purposes of ruling on these Motions.

On September 28, 2006, Plaintiffs obtained a mortgage loan from Countrywide Bank, N.A. (now Defendant BANA) in the amount of $1,330,000.  (Notice of Removal, Ex. 1 ("Complaint") ¶ 9 (Docket No. 1)).  Plaintiffs secured the loan with a deed of trust encumbering their residence.  (*Id.* ¶¶ 9-10).  On May 6, 2015, Defendant SPS, which serves as the current servicer of the loan, offered Plaintiffs a "trial modification plan [that] was scheduled to start on June 1, 2015."  (*Id.* ¶ 25).  Plaintiffs did not receive Defendant SPS's offer, however, until June 11, 2015, when it was already too late to make the first modified payment.  (*Id.* ¶ 26).   On August 5, 2015, Defendant SPS sent Plaintiffs a Notice of Default (the "Default Letter").  (*Id.* ¶ 14).

Plaintiffs assert four Claims for Relief: (1) violation of California Civil Code section 2923.6(c)(2); (2) wrongful foreclosure; (3) violation of the covenant of good faith and fair dealing; and (4) violation of California's unfair competition law ("UCL").  (*Id.* ¶¶ 17-50).  Plaintiffs bring all claims solely against Defendant SPS.  (*Id.*).

## II. LEGAL STANDARD

While the SPS Motion is brought under Rule 12(c) and the BANA Motion under Rule 12(b)(6), both Motions are properly analyzed according to the principles set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (stating that motions under 12(b)(6) and 12(c) are "functionally identical").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a

---

**CIVIL MINUTES—GENERAL**					2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC                    Date:  March 1, 2016
Title:     Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  Using its judicial experience and common-sense, the Court must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

## III.   DISCUSSION

### A.   BANA Motion

Defendant BANA seeks dismissal on a simple ground:  none of the claims are pleaded against it.  (BANA Motion at 3).  In fact, no allegations of misconduct even mention Defendant BANA or Countrywide Bank, and are instead asserted exclusively against Defendant SPS.  (*See generally* Complaint).  Plaintiffs do not deny these patent deficiencies and instead point to a single allegation that Defendant BANA, in its capacity as the mortgage lender, employed Defendant SPS to act on its behalf.  (BANA Opposition at 3; Complaint ¶ 8).  Not only is this allegation conclusory, it is also contradicted by the Default Letter, which names "Wells Fargo Bank, N.A." as the "Noteholder of [the] Loan."  (Complaint, Ex. B).  It seems, therefore, that even if Defendant SPS *was* someone's agent, it acted on behalf of Wells Fargo, not Defendant BANA.

Although it is dubious that Plaintiffs can cure these deficiencies, the Court will provide them an opportunity to do so.  Should Plaintiffs elect to name BANA as a defendant in the First Amended Complaint, they must do so consistent with the requirements of Rule 11 and after carefully reviewing their own exhibits attached to the Complaint.

The BANA Motion is therefore **GRANTED** *with leave to amend*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC                       Date:  March 1, 2016
Title:      Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

**B.      SPS Motion**

All four of Plaintiffs' claims are grounded in the notion that sending the Default Letter without first confirming whether Plaintiffs wished to accept the trial modification plan is actionable conduct.  The Court explains why Plaintiffs are mistaken within the context of the four claims.

### 1.      Claim for Violation of Section 2923.6(c)

California's Homeowner's Bill of Rights prohibits a mortgage servicer or mortgagee to "record a notice of default or notice of sale" after a borrower submits a "complete application for a first lien loan modification offered by [a loan servicer]." Cal. Civ. Code § 2923.6(c) (emphasis added).  That restriction is lifted if the borrower "does not accept an offered first lien loan modification within 14 days of the offer." (*Id.*).

Plaintiffs' claim under section 2923.6(c) must be dismissed for two reasons:  (1) mailing the Default Letter to demand delinquent mortgage payments does not constitute a "recording" of a "notice of default," and (2) even if it did, the mailing occurred two months after Plaintiffs received the modification offer.  Plaintiffs do not address these deficiencies, making largely irrelevant arguments.  Defendant SPS violated section 2923.6(c), Plaintiffs contend, by "commenc[ing] foreclosure proceedings on Plaintiffs' Home without first confirming Plaintiffs' acceptance or denial of the offered trial modification plan within the statutory 14 day period."  (SPS Opposition at 3).  Assuming that the Default Letter may be characterized as "commencement" of foreclosure proceedings (an exceptionally generous assumption), there can be no section 2923.6(c) claim until Plaintiffs allege that a notice of default has been actually recorded.  Nor does section 2923.6(c) impose liability for failing to "confirm" Plaintiffs' "acceptance or denial" of the modification offer.  The statutory language is clear:  if a borrower does not accept a modification offer within 14 days, the lender may record the notice of default without contacting the borrower again.

---

**CIVIL MINUTES—GENERAL**                                             4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-09401-MWF-JC  Date: March 1, 2016
Title: Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

To state a viable claim under section 2923.6(c), therefore, Plaintiffs must allege that (1) a notice of default was recorded (2) before Plaintiffs could accept the modification offer within the statutory period. To the extent Plaintiffs claim that they could not have accepted the offer because it expired before they received it (an argument implicit in the Complaint but one that Plaintiffs do not make in the SPS Opposition), they must make such inability clear in their allegations.

The Motion is therefore **GRANTED** *with leave to amend* as to Plaintiffs' claim under section 2923.6(c).

### 2. Claim for Wrongful Foreclosure

A claim of wrongful foreclosure under California law consists of the following elements: "'(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.'" *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1145 (N.D. Cal. 2013) (quoting *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104, 134 Cal. Rptr. 3d 622 (2011)) (dismissing the plaintiff's wrongful foreclosure claim because the plaintiff had not pleaded any facts showing that the deficiencies in the foreclosure process would have averted the foreclosure sale).

Nothing in the Complaint indicates that Defendant SPS has "caused an illegal, fraudulent, or willfully oppressive sale" of Plaintiffs' home. *See Foster v. SCME Mortgage Bankers, Inc.*, No. 2:10-00518-WBS-GGH, 2010 WL 1408108, at *4 ("Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."). Indeed, Plaintiffs readily admit that no foreclosure has occurred. (SPS Opposition at 4-5). Without citing any law, however, Plaintiffs assert that a wrongful foreclosure claim can be maintained before the sale of the subject property. (*Id.*). The cases cited in the SPS Motion indicate otherwise. (SPS Motion at 5). But even if Plaintiffs were correct, no allegations show that Defendants wrongfully initiated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC          Date:  March 1, 2016
Title:      Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

foreclosure proceedings, if they initiated them at all.  To repeat, there is no authority prohibiting Defendant SPS from demanding delinquent payments months after offering Plaintiffs an opportunity to modify their payment plan.

The Motion is therefore **GRANTED** *with leave to amend* as to Plaintiffs' claim for wrongful foreclosure.

### 3. Claim for Breach of the Covenant of Good Faith

A covenant of good faith and fair dealing is implied in every contract under California law.  Its purpose is "to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights [to] the benefits of the contract." *Marsu B.V. v. Walt Disney Co.*, 185 F.3d 932, 938 (9th Cir. 1999) (citations omitted) (holding that the district court did not err in finding after a bench trial that the defendant breached the implied covenant without technically breaching the express contract terms).  The covenant is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094, 8 Cal. Rptr. 3d 233 (2004) (internal quotations and citations omitted) (holding that the complaint successfully asserted a claim for breach of the implied covenant when the allegations showed that the defendant deprived the plaintiff of a contractual benefit).

Plaintiffs' claim is deficient for the same reasons already discussed.  No allegations indicate that Defendant SPS's actions deprived Plaintiffs of some benefit under the loan agreement.  Plaintiffs simply do not have a right to stop paying their mortgage without consequences or for Defendants to refrain from initiating foreclosure proceedings months after offering Plaintiffs a trial modification plan.  To the extent Plaintiffs argue that Defendants breached the implied covenant by refusing to lower their monthly payments (SPS Opposition at 6), they are mistaken.  Putting aside the allegations that Defendant SPS did provide Plaintiffs an opportunity to lower their payments, the loan itself contains no duty to renegotiate payment terms in case of a default.  (*See* Complaint, Ex. 1).

---

**CIVIL MINUTES—GENERAL**          6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-09401-MWF-JC				Date:  March 1, 2016
Title:	Wladimir Wasjutin -v- Countrywide Bank N.A., et al.

    The Motion is therefore **GRANTED** *with leave to amend* as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

### 4. Claim for Violations of the UCL

    California's UCL prohibits any unlawful, unfair, or fraudulent business practices.  Cal. Bus. & Prof. Code § 17200.  A practice is "unlawful" when it violates another law.  *See Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178, 62 Cal. Rptr. 3d 177 (2001) ("[A] violation of another law is a predicate for stating a cause of action under UCL's unlawful prong.").  An "unfair" practice is one that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939, 134 Cal. Rptr. 2d 101 (2003) (stating that any claim under the "unfair" prong must be "tethered" to some constitutional, statutory, or regulatory provision, and holding that a medical provider's policy of refusing to treat malpractice litigants was not "unfair").  Finally, to establish that a business practice is "fraudulent," a plaintiff must demonstrate that "members of the public are likely to be deceived."  *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 836, 51 Cal. Rptr. 3d 118 (2006) (holding that the failure to disclose a fact that the defendant had no duty to disclose is not actionable under the fraudulent prong of the UCL).

    Plaintiffs fail to plead a claim under any of the three prongs of the UCL.  Absent a viable antecedent claim, Defendant SPS's conduct could not have been "unlawful."  Nor were Defendant SPS's alleged actions "unfair" since there is no public policy against requesting overdue payments after offering the borrowers an opportunity to modify their loan.  Lastly, no allegations indicate that the purported misconduct was deceptive or fraudulent.

    Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-09401-MWF-JC            **Date:** March 1, 2016

Title:      Wladimir Wasjutin -*v*- Countrywide Bank N.A., et al.

## IV. CONCLUSION

While the Court is skeptical of Plaintiffs' ability to cure many of the identified deficiencies consistent with Rule 11, the Court will provide them an opportunity to re-plead their claims. As the Court stated at the hearing, Plaintiffs may include a claim under California Civil Code section 2924(a)(6) against Defendants in the First Amended Complaint. To the extent Plaintiffs seek to bring claims against Wells Fargo, however, they must request leave to file a Second Amended Complaint through a formal motion.

Both Motions, therefore, are **GRANTED** *with leave to amend*. Plaintiffs shall file a First Amended Complaint on or before **March 14, 2016**.

IT IS SO ORDERED.